**FILED**

OCT 20 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
          DEPUTY CLERK

1  BENJAMIN B. WAGNER
   United States Attorney
2  GREGORY T. BRODERICK
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone:  (916) 554-2700
   Facsimile:  (916) 554-2900
5
6  Attorneys for the United States

7            IN THE UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9  ZHANNA WATSON,                    CASE NO.  2:14-cv-01831-JAM-DAD

10        Plaintiff,                 **STIPULATION TO DISMISS AND TO**
                                     **RE-ALIGN PARTIES**
11    v.

12 UNITED STATES OF AMERICA, JOSHUA
   CHRISTENSEN, GRACE WATSON, AND
13 DOES 1-10,

14        Defendants.

15
16 GRACE WATSON,
                                     CASE NO.  2:14-cv-02116-JAM-DAD
17        Plaintiff,

18    v.

19 UNITED STATES OF AMERICA, JOSHUA
   CHRISTENSEN, AND DOES 1-10,
20
          Defendants.
21

22        The parties hereby stipulate to dismiss Case No. 2:14-cv-02116-JAM-DAD without

23 prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and to re-align the parties in

24 Case No. 2:14-cv-01831-JAM-DAD such that GRACE WATSON will be a Plaintiff in that matter.

25        This is a wrongful death case resulting from a motorcycle accident in which Ralph Watson

26 was killed.  This matter is pending in federal court because the United States has been named as a

27 defendant, and is sued under the Federal Tort Claims Act.  California law controls the claims against

28 the United States because this case was brought under the Federal Tort Claims Act based on alleged

Stip and Proposed Order Dismissing 14-2116 and Re-aligning parties in 14-cv-01831                    1

1   negligence in California. *See Avina v. United States*, 681 F.3d 1127, 1130 (9th Cir. 2012)

2   (California law controls FTCA claims based on alleged negligence occurring in California). State

3   law also controls the claims against other defendants because those claims are based on state

4   substantive law, and are in federal court under supplemental jurisdiction. *See* 28 U.S.C. § 1367.

5   Grace Watson alleges that she is the only surviving child of decedent Ralph Watson, and Zhanna

6   Watson alleges that she was married to decedent Ralph Watson at the time of his death. The parties

7   are not aware of any other heir(s). On August 12, 2014, Plaintiff Grace Watson filed an action

8   seeking damages against both the United States and Joshua Christensen in the United States District

9   Court for the Central District of California. (*See* Case No. 14-cv-02116, Dkt. No. 1). That same

10   day, Plaintiff Zhanna Watson initiated an action in this Court against the United States, Joshua

11   Christensen, and Grace Watson. (*See* Case No. 14-cv-01831, Dkt. No. 1). By stipulation, Plaintiff

12   Grace Watson's case was transferred from the Central District to this District. (*See id.*, Dkt. No. 12).

13   Upon filing of a notice of related case by the United States in each action (*see id.*, Dkt. Nos. 19 &

14   20), the Court related these matters and assigned them both to the Honorable John A. Mendez. (*See*

15   *id.*, Dkt. No. 21). The cases have not been consolidated. All parties appear to have been served in

16   each action, though there are various responsive pleading dates due to the different times each party

17   was served in each case, and because the United States is subject to different responsive pleading

18   deadlines. *See* Fed. R. Civ. P. 4(i).

19       The parties enter into this stipulation because California law permits only one action for

20   wrongful death. *See Cross v. Pacific Gas & Elec. Co.*, 60 Cal.2d 690, 694 [36 Cal.Rptr. 321]

21   (1964). All heirs are necessary parties and "plaintiff heirs have a mandatory duty to join all known

22   omitted heirs in the 'single action' for wrongful death. If an heir refuses to participate in the suit as a

23   plaintiff, he or she may be named as a defendant so that all heirs are before the court in the same

24   action. An heir named as a defendant in a wrongful death action is, in reality, a plaintiff."

25   *Ruttenberg v. Ruttenberg*, 53 Cal.App.4th 801, 808 [62 Cal.Rptr.2d 78] (1997). As this Court has

26   previously held, "it behooves all parties to ensure" that all heirs are joined in a single action. *See*

27   *Cotta v. Robinson*, 2014 WL 4249144, *4 (E.D. Cal. 2014). The existence of two suits for the

28   alleged wrongful death of Ralph Watson violates this rule. *See Clay v. Permanente Medical Group,*

1 *Inc.*, 540 F.Supp.2d 1101, 1112 (N.D. Cal. 2007).  Consolidation will not cure this problem, because

2 consolidation "does not merge the suits into a single cause, or change the rights of the parties, or

3 make those who are parties in one suit parties in another."  *See Johnson v. Manhattan R. Co.*, 289

4 U.S. 479, 496–97 (1933).  Even after consolidation, therefore, there would still be two distinct suits

5 in violation of California's "one action" rule for wrongful death cases.

6      To correct this problem, the parties hereby stipulate as follows:

7      1.   To dismiss Case No. 2:14-cv-02116-JAM-DAD without prejudice; and

8      2.   To re-align Grace Watson from Defendant to Plaintiff in 2:14-cv-01831-JAM-DAD.

9      It is the intent of the parties that this stipulation result in a single action by all known-heirs

10 asserting their claims for against the alleged tortfeasors.  The Court has the authority to re-align the

11 parties in the manner requested.  *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 690 (1941) (Court

12 must "look beyond the pleadings and arrange the parties according to their sides in the dispute.")

13 (internal quotations omitted).  Therefore, the Court should do so.

14 Respectfully submitted,

15 DATED: October 17, 2014               BENJAMIN B. WAGNER
16                                 United States Attorney

17                         By:   */s/ Gregory T. Broderick*
18                                   GREGORY T. BRODERICK
                                  Assistant United States Attorney

19 DATED: October 17, 2014        By:   /s/ John P. Hallissy (auth. 10/17/14)
20                                   JOHN P. HALLISSY
21                                   Attorney for Defendant Christensen

22 DATED: October 17, 2014        By:
23                                   BRAD M. SIMON
24                                   Attorney for Plaintiff Grace Watson

25 DATED: October 17, 2014        By:   /s/ Michael S. Braun (auth. 10/17/14)
26                                   MICHAEL S. BRAUN
                                  Attorney for Plaintiff Zhanna Watson

27

28

## PROPOSED ORDER

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED THAT:

1. Case No. 2:14-cv-02116-JAM-DAD is hereby dismissed without prejudice; and

2. GRACE WATSON is hereby re-aligned from Defendant to Plaintiff in Case No. 2:14-cv-01831-JAM-DAD.

**IT IS SO ORDERED**.

Date: _October 20, 2014_

_____
United States District Judge